UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOWELL EDWARD JACKSON,

          Petitioner,

   v.

CHUCK E. ATKINS,

          Respondent.

CASE NO. 3:17-cv-06085-RBL-JRC

ORDER TO SHOW CAUSE OR AMEND

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner Lowell Edward Jackson appears to challenge his detention based on a Clark County conviction, alleging that his sentence has already been discharged. However, he is housed in Oregon and has not named the proper respondent for his petition, nor has he signed his petition under penalty of perjury. Therefore, petitioner is ordered to file an amended petition on

the form provided by the Court including the correct respondent, or to otherwise show cause why the Court should not recommend that his petition be dismissed.

## BACKGROUND

When he filed his original petition, petitioner was incarcerated at the Oregon State Penitentiary. Dkt. 1. He has since been relocated to the Marion County Jail. Dkt. 6. He originally filed his petition with the District Court for the District of Oregon. *See* Dkt. 3. However, that Court transferred the petition to the Western District of Washington because petitioner appears to challenge the execution of an order entered in Clark County, Washington. *Id.*

Though his petition is unclear, petitioner's supporting documents indicate that he is being held in Oregon based on a Clark County warrant. *See* Dkt. 1 at 11-12. The Court interprets petitioner's habeas petition to allege that petitioner is being unlawfully held in Oregon based on an expired Clark County judgment. Dkt. 1 at 2-3.

## DISCUSSION

Initially, the Court notes that petitioner has included the incorrect respondent on his habeas petition. Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the *state officer who has custody*." (emphasis added). That state officer is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The proper state officer is determined based on petitioner's custody at the time he filed his petition. *See*, *e.g.*, *Carson v. Hood*, 1999 WL 978017 at *3 (D. Oregon 1999) (noting that warden was a proper respondent because warden had control of petitioner's release when petitioner initially filed his petition); *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (when prisoner filed petition while restrained, custodian was proper respondent even after petitioner was released).

Here, petitioner has named Chuck Atkins, the Clark County Sheriff, as the respondent. Dkt. 1. However, the record reflects petitioner was housed at the Oregon State Penitentiary when he filed this action and therefore respondent Atkins is not the correct respondent. Dkt. 6.

Further, petitioner has not filed his habeas petition in a form substantially following the form prescribed by the Western District of Washington and has not signed the petition under penalty of perjury. *See* Dkt. 1.

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) *be signed under penalty of perjury by the petitioner* or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

Rules Governing Section 2254 Petitions, Rule 2(c) (emphasis added). Also, the petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.*, Rule 2(d).

If petitioner intends to pursue this habeas action, he must file an amended petition naming the correct defendant in compliance with Rule 2(a) of the Rules Governing Section 2254 Cases on the form provided by the Court and must sign it under penalty of perjury. The amended petition must also be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement. Included as the respondent should be the superintendent of the prison where petitioner resided when he filed the petition. Because petitioner was housed at the Oregon State Penitentiary when he originally filed his habeas petition, the appropriate respondent is Brandon Kelly, the superintendent of that prison.

## CONCLUSION

If petitioner fails to adequately address the issues raised herein and file an amended petition **on or before March 16, 2018**, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide copies of this Order to petitioner.

Dated this 14th day of February, 2018.

J. Richard Creatura
United States Magistrate Judge