UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOWELL EDWARD JACKSON,

    Petitioner,

v.

CHUCK E. ATKINS,

    Respondent.

CASE NO. 3:17-cv-06085-RBL-JRC

ORDER TO SUBSTITUTE RESPONDENT AND ORDER TO AMEND

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Lowell Edward Jackson filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner alleges that he is being unlawfully held in the Oregon State Penitentiary based on either a conviction or an arrest warrant from Clark County in Washington. Though he initially named the Clark County Sheriff as the respondent, he has since requested that the proper

1 respondent, namely the superintendent of the prison in which he is housed, be substituted in this case.

If petitioner is challenging the conviction on which he is currently being held, the superintendent is not within the Western District of Washington's territorial jurisdiction and the Court cannot exercise personal jurisdiction over him. However, if petitioner is challenging future custody in Clark County, the Court would have personal jurisdiction. Therefore, before making a determination on petitioner's motion to transfer, petitioner must file an amended complaint clarifying whether he is challenging the conviction on which he is being held.

Therefore, petitioner is being given an opportunity to clarify this by identifying the conviction he is challenging.

**BACKGROUND**

Petitioner is an inmate housed in the Oregon State Penitentiary. Petitioner originally filed this action in Oregon, naming the Clark County Sheriff as respondent and alleging that he was being illegally detained under a Clark County order. Dkt. 1. Because petitioner named a Washington resident as respondent and challenged a Washington order, the Oregon court transferred the case to the Western District of Washington. Dkt. 3. This Court ordered petitioner to show cause or amend his complaint to include the appropriate respondent, namely the person with custody of petitioner. Dkt. 7. Petitioner subsequently substituted the correct respondent and filed a motion to transfer the case back to Oregon. Dkt. 8. Petitioner's habeas petition is unclear as to whether he is challenging a Washington order or whether he is challenging a Washington conviction for which he will be imprisoned in the future.

//

//

**DISCUSSION**

**I.  Substitution of Respondent**

Petitioner originally named Chuck Atkins, the Clark County Sheriff, as the respondent in this action. As noted in the Court's previous order, under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody." The appropriate state officer is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Here, petitioner has submitted a motion to transfer that indicates he desires to change the respondent to Brandon Kelly. Dkt. 8. Brandon Kelly is the superintendent of the Oregon State Penitentiary, the prison in which petitioner is housed. Because of this, Kelly is the proper respondent in this habeas action. Therefore, the Court directs the Clerk to substitute Brandon Kelly as the respondent. The Court emphasizes that, although petitioner's original petition has not been amended to reflect the new respondent, the Court treats the petition as though Brandon Kelly has replaced Chuck Atkins as the respondent.

**II.  Motion to Transfer**

Plaintiff has also filed a motion to transfer his case to the District of Oregon, indicating that, because Kelly is now the respondent, the "jurisdiction has changed" in his case. Dkt. 8. The Court interprets this as a motion to transfer the case for lack of personal jurisdiction.

"Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'" *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241). As noted above, the proper respondent in a habeas case is petitioner's custodian. *Padilla*, 542 U.S. at 434. Because of this, a petitioner need not be confined in the district where he files the petition, so long as the Court retains personal jurisdiction over petitioner's custodian. *See*

*Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). To determine jurisdiction "[i]n habeas challenges to *present* physical confinement . . . the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent." *Padilla*, 542 U.S. at 444 (emphasis in original). Therefore, when the petitioner names a respondent who is beyond the district court's territorial jurisdiction, the Court generally lacks personal jurisdiction to consider the petition. *See Malone*, 165 F.3d at 1237; *see also Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (finding that, in the case of a federal conviction, the district of conviction is only proper if it is also the district of incarceration).

However, if petitioner is challenging a conviction for which he will be incarcerated in the future, the proper respondents are his custodian as well as the attorney general of the state where his future custody will take place. *See* Rules Governing Section 2254 Proceedings, Rule 2(b). In that case, the Court has personal jurisdiction and can entertain a habeas petition because the attorney general would be within the Court's territorial jurisdiction.

Here, it is unclear whether the Court has personal jurisdiction. The Court has substituted Brandon Kelly as the respondent in this action. Respondent is the superintendent of the Oregon State Penitentiary, has custody of petitioner, and is therefore the proper respondent in this action. He is also outside the territorial limits of the Western District of Washington. Thus, if petitioner is challenging a conviction for which he is currently confined in Oregon, the Court will not have personal jurisdiction and must dismiss the petition or transfer it to the United State District Court for the District of Oregon. However, if petitioner is challenging a Washington conviction for which he will serve time in Washington, he must name as respondents both his present custodian and the Washington Attorney General, and the Court would then have jurisdiction.

Therefore, petitioner is ordered to file an amended petition explaining whether he is challenging a conviction for which he is currently incarcerated, or a conviction for which he will be incarcerated in Washington in the future.

**CONCLUSION**

For the reasons stated above, petitioner is directed to file an amended petition on or before May 4, 2018.

The Clerk is directed to renote petitioner's motion to transfer (Dkt. 8) to May 4, 2018.

The Clerk is also directed to send plaintiff the appropriate forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide copies of this Order to petitioner.

Dated this 2nd day of April, 2018.

J. Richard Creatura
United States Magistrate Judge