UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOWELL EDWARD JACKSON,

               Petitioner,

     v.

JEFFREY A. UTTECHT,

               Respondents.

CASE NO. 3:17-cv-06085-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  February 8, 2019

     The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner Lowell Edward Jackson filed the petition pursuant to 28 U.S.C. § 2254.

     In his habeas petition, petitioner argues that his speedy trial rights were violated because authorities in Washington waited too long to extradite petitioner from Oregon, and that he has already been convicted for the charge that the Washington authorities raised. However, petitioner has not yet exhausted his state court remedies as required for a § 2254 petition, and the time for

1   exhausting his state court remedies has not yet lapsed. Therefore, the Court recommends that

2   petitioner's habeas petition be denied without prejudice so he can exhaust his state court

3   remedies before refiling his habeas petition.

4                                                **BACKGROUND**

5          Petitioner initially filed this habeas petition in the District of Oregon in December of

6   2017. Dkt. 1. Because the petition challenged a future Washington conviction originating in

7   Clark County, the District of Oregon transferred the case to the Western District of Washington.

8   Dkt. 3. Initially, the Court ordered petitioner to amend his petition because petitioner had named

9   the incorrect respondent, and subsequently entered a report and recommendation that petitioner's

10  habeas petition be denied without prejudice because he was under pretrial detention, but had

11  filed his petition to 28 U.S.C. § 2254, a section only applicable to prisoners who have already

12  been convicted. Dkt. 13.

13         The Honorable Ronald B. Leighton adopted that recommendation, but later vacated his

14  order when petitioner indicated he had been convicted in Washington and was now being

15  detained pursuant to that conviction. Dkt. 18. The Court then accepted petitioner's second

16  amended habeas petition and directed service on respondent. Dkts. 27, 28. In petitioner's habeas

17  petition, he argues that his right to a speedy trial was violated because Washington authorities

18  waited too long to bring him back to Washington for prosecution. Dkt. 27. He also argues that

19  his prosecution and conviction in Washington was in violation of his protections against double

20  jeopardy because he was apparently already convicted in Oregon. *Id*. He requests that the

21  Washington charges against him be dismissed. *Id*.

22

23

24

**DISCUSSION**

Initially, the Court notes that respondent has presented argument that petitioner's habeas petition is properly analyzed under 28 U.S.C. § 2254, rather than under 28 U.S.C. § 2241. Dkt. 30, pp. 3-4. The Court agrees. It is undisputed that petitioner is currently incarcerated in a Washington prison. *See* Dkt. 23 (notice of change of address, indicating petitioner is currently housed in the Coyote Ridge Corrections Center). That incarceration is pursuant to a Washington state conviction. Dkt. 31-1, p. 39. In addition, Judge Leighton re-referred this habeas petition to the undersigned magistrate judge specifically because plaintiff's custody status had changed and "[petitioner] now appears to be in custody pursuant to the judgment of a state court," making a § 2254 proceeding appropriate. Dkt. 18, p. 2. Thus, the Court will make a determination as to petitioner's habeas petition pursuant to 28 U.S.C. § 2254.

I.      **Exhaustion of State Court Remedies**

A state prisoner seeking to file a federal petition for a writ of habeas corpus must first complete his state appeal and any other state post-conviction relief available in state court. 28 U.S.C. § 2254(b), (c). This is because "[s]tate courts should have the first opportunity to examine the lawfulness of a state prisoner's confinement. If a prisoner's claims is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (citing *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982)). This is because if a petitioner is successful in his state court proceeding, he may be released, thereby mooting the federal challenge. *Id*. at 634.

Respondent argues that petitioner has not yet exhausted his state court remedies. Dkt. 30. He argues that petitioner has failed to present his habeas grounds to the Washington State Supreme Court, and that "he has not sought *any* type of appellate review of his conviction or

1   sentence in the state courts." *Id*. at p.7 (emphasis in original). Petitioner does not dispute that he

2   has not filed any challenges to his conviction in the Washington courts, but states in his response

3   that he did challenge his extradition to Washington in the Oregon courts. *See* Dkt. 32. However,

4   the purpose of requiring a prisoner to exhaust state remedies before requesting federal action is

5   to "avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without'

6   first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila*

7   *v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). Here,

8   in relevant part, petitioner challenges his extradition to Washington and his subsequent

9   prosecution and conviction in Washington allegedly for a crime he had already been convicted of

10  in Oregon. *See* Dkt. 27. The Court has found no precedent indicating that petitioner can properly

11  exhaust his state court remedies challenging a Washington conviction by filing a challenge in the

12  courts of another state. Moreover, the Court finds that it would defy the purpose of the

13  exhaustion requirement to exhaust state court remedies in another state because it would deprive

14  the prosecuting state courts the first opportunity to review and correct any constitutional

15  violations. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Thus, the Court finds that

16  petitioner has not yet exhausted his state court remedies.

17          In addition, it does not appear that petitioner will be prejudiced by a dismissal of his

18  petition without prejudice. Petitioner challenges his extradition and prosecution in Washington,

19  and appears to challenge his conviction as well. Dkt. 27. The record indicates that petitioner's

20  judgment and sentence under Washington law became final on June 14, 2018. Dkt. 31-1, ex. 4.

21  Under Washington law, petitioner has one year after the entry of his judgment and sentence to

22  file a state personal restraint petition. RCW 10.73.090. Thus, petitioner still has until June 14,

23  2019, to file his personal restraint petition. In addition, the Court notes that the one year statute

24

1    of limitations for a federal habeas action is tolled during the time a "properly filed" state request

2    for post-conviction relief is pending. *See* 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183

3    F.3d 1003, 1004 (9th Cir. 1999). Thus, the Court finds that petitioner will not be prejudiced by

4    dismissal of his habeas petition at this time.

5         In petitioner's response to respondent's answer, petitioner appears to reiterate that his

6    speedy trial rights were violated because he was not tried in a timely manner as to his

7    Washington charges. *See* Dkt. 32. He cites to several Washington state court cases in support of

8    his assertions. *Id*. He also appears to argue that the Oregon courts did not dispose of his Oregon

9    appeals until late September of 2018, and so "anything that happened before [that] date is

10   illegal." Dkt. 32, p. 2. Petitioner thus argues that Clark County lost jurisdiction of petitioner

11   when he was incarcerated in Oregon, and Clark County did not again acquire jurisdiction until

12   December of 2018. Dkt. 32, p. 4. However, none of this argument mitigates the fact that

13   petitioner is attempting to invalidate a Washington state court conviction and that he has not yet

14   exhausted his Washington state court remedies. It also does not mitigate the fact that petitioner's

15   time to request relief from the Washington courts has not yet lapsed. Though petitioner has

16   indicated he may have exhausted state court remedies in Oregon, that is not enough to show that

17   he has successfully exhausted his state court remedies for purposes of this habeas petition.

18        Thus, the Court finds that petitioner has failed to exhaust his state court remedies and the

19   time for exhausting his state court remedies has not lapsed. Therefore, the Court recommends

20   that petitioner's habeas petition be denied without prejudice.

21   **II.    Habeas Grounds on the Merits**

22        Respondent has also briefed petitioner's habeas grounds on their merits. However, the

23   Court has made a finding that petitioner failed to exhaust his state court remedies before

24

1    petitioner filed this habeas petitioner. Therefore, the Court declines to make any findings as to

2    the merits of petitioner's habeas grounds at this time.

3                              **CERTIFICATE OF APPEALABILITY**

4            Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

5    court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

6    (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

7    has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

8    2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

9    disagree with the district court's resolution of his constitutional claims or that jurists could

10   conclude the issues presented are adequate to deserve encouragement to proceed further."

11   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

12   (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

13   certificate of appealability with respect to this petition.

14                                    **CONCLUSION**

15           For the reasons stated above, the Court finds that petitioner has failed to exhaust his state

16   court remedies and the time to exhaust his state court remedies has not yet lapsed. Therefore, the

17   Court recommends that petitioner's habeas petition be denied without prejudice.

18           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

19   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

20   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

21   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

22   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

23   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

24

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2  February 8, 2019, as noted in the caption.

3          Dated this 18th day of January, 2019.

4

5

6

7                                          J. Richard Creatura
                                           United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24